**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| AMERICAN CIVIL LIBERTIES FOUNDATION OF PENNSYLVANIA, | ) ) ) ) | |
| Plaintiff, | ) ) | Civ. No. _____ |
| v. | ) ) ) | |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED STATES CUSTOMS AND BORDER PROTECTION, | ) ) ) ) ) ) ) ) | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| Defendants. | ) | |

**INTRODUCTION**

1.      This action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeks to compel Defendants U.S. Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Protection ("CBP") to immediately process and release records responsive to two FOIA requests submitted by Plaintiff on March 24, 2026.

2.      The FOIA requests seek Form I-213s, and any accompanying Form I-200 or Form I-205, referencing immigration enforcement incidents occurring in Pennsylvania, Delaware, or West Virginia since January 1, 2025. These records are essential to public understanding of rapidly escalating federal immigration enforcement in the region.

3.      ICE and CBP have failed to timely respond, failed to make a determination within FOIA's statutory deadlines, failed to conduct an adequate search, and failed to grant Plaintiff's

1

requests for fee waivers. In addition, ICE failed to grant Plaintiff's request for expedited processing and CBP improperly and tardily denied Plaintiff's request for expedited processing.

4.      Plaintiff now seeks declaratory and injunctive relief compelling Defendants to comply with FOIA.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action, including the authority "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld" from Plaintiffs under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. *See also* 28 U.S.C. § 2202.

6.      Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiff's principal place of business is in the Eastern District of Pennsylvania. For the same reason, venue is proper under 28 U.S.C. § 1391(e)(1)(C).

7.      Declaratory relief is appropriate under 28 U.S.C. § 2201(a).

## PARTIES

8.      Plaintiff American Civil Liberties Foundation of Pennsylvania is a 501(c)(3) nonprofit organization that provides legal representation free of charge to individuals and organizations in civil rights and civil liberties cases and works to advance those important protections through various forms of advocacy and public education across the Commonwealth. Since its founding, the American Civil Liberties Foundation of Pennsylvania has been deeply committed to ensuring that citizens and noncitizens alike receive the due-process protections afforded to them by the Constitution. This work includes promoting transparency at both the state and federal level, often by seeking records under FOIA.

9. Defendant ICE is a sub-agency within the Department of Homeland Security ("DHS"). ICE is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). ICE is responsible for civil immigration enforcement, including through the apprehension, detention, and removal of noncitizens. Thus, ICE has possession, custody, and control over the Form I 213, I-200, and I-205 records sought in Plaintiff's March 24, 2026 request.

10. Defendant CBP is a component of DHS and an "agency" within the meaning of 5 U.S.C. § 552(f)(1). CBP conducts immigration enforcement at ports of entry and throughout Pennsylvania, Delaware, and West Virginia, much of which lies within the 100-mile border zone in which CBP claims expanded enforcement authority. CBP conducts arrests and handles processing that generates Form I-213s and related records. Thus, CBP has possession, custody, and control over the records requested by Plaintiff in its March 24, 2026 FOIA request.

11. Defendants have custody and control over the records Plaintiff seeks to make publicly available under 5 U.S.C. § 552(a)(3).

## STATUTORY AND LEGAL FRAMEWORK

12. "The Freedom of Information Act was enacted to facilitate public access to Government documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989)). Its basic purpose is to "ensure an informed citizenry", which is "vital to the functioning of a democratic society" and needed as a check against corruption and to hold the government accountable to the governed. *See Nat'l Lab. Rels. Bd. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). Consistent with this purpose, the FOIA statute creates a "strong presumption in favor of disclosure [and] places the burden on the agency to justify the withholding of [] requested documents." *Ray*, 502 U.S. at 173.

3

13. FOIA requires federal agencies to disclose records in response to a member of the public's request, unless those records fall within one of nine narrow statutory exemptions. 5 U.S.C. §§ 552(a)(3)(A), 552(b)(1)–(9).

14. FOIA requires an agency to make an adequate search for responsive records that is "reasonably calculated to uncover all relevant documents." *U.S. ex. rel. Mistick PBT v. Hous. Auth. of Pittsburgh*, 186 F.3d 376, 384 (3d Cir. 1999). When conducting an adequate search, an agency must search "*all* locations likely to have responsive records." *Viola v. U.S. Dep't of Justice*, 157 F.4th 524, 536 (3d Cir. 2025) (citing *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 67-68 (D.C. Cir. 1990).

15. An agency must respond within 20 working days after receipt of a FOIA request, notifying the requester of the agency's determination whether or not to fulfill the request, providing the reasons for its determination, and informing the requester of his or her right to appeal the agency's determination to the agency head. *See* 5 U.S.C. § 552(a)(6)(A)(i).

16. In "unusual circumstances," an agency may postpone its response to a FOIA request or appeal, but it must provide notice and the date on which a determination is expected to be dispatched. *See* 5 U.S.C. § 552(a)(6)(B). Generally, such notice shall not result in an extension of more than 10 working days. *See id.*

17. If the agency fails to comply with a request within the statutory time period, a FOIA requester is deemed to have exhausted its administrative remedies and can proceed directly to the district court, where the agency must show "exceptional circumstances" justifying its untimeliness and due diligence in remedying the violation. *See* 5 U.S.C. § 552(a)(6)(C). Per the FOIA statute, "the term 'exceptional circumstances' does not include a delay that results from a predictable agency workload of requests under this section . . . ." 5 U.S.C. § 552(a)(6)(C)(ii).

18.     A district court has jurisdiction to enjoin the agency from withholding records and to order production of records that are subject to disclosure. *See* 5 U.S.C. § 552(a)(4)(B).

19.     A FOIA requester can seek a waiver of search and review fees on the ground that the disclosure of the information is in the public interest because it is likely to contribute significantly to the public's understanding of the operations and activities of the government, and is not primarily in the commercial interest of the requester. *See* 5 U.S.C. § 552(a)(4)(A)(iii). Requests for fee waivers are to be "liberally construed in favor of waivers for noncommercial requesters." *Jud. Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (quoting *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1284 (9th Cir. 1987) and 132 Cong. Rec. 27, 190 (1986) (Sen. Leahy)). A FOIA requester can also seek a waiver of search and review fees on the grounds that the requester is a "representative of the news media," and the records are not sought for a commercial purpose. *See* 5 U.S.C. § 552(a)(4)(A)(ii). A representative of the news media is "any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." *Id.*

### STATEMENT OF FACTS

**Defendants Possesses the Records Requested by the Plaintiff**

20.     ICE and CBP routinely generate and maintain Form I-213s, Form I-200s, and Form I-205s documenting immigration enforcement encounters, arrests, and removability determinations.

5

21. ICE and CBP necessarily possess the records requested because their officers create, maintain, and store Form I-213s, I-200s, and I-205s as part of every immigration enforcement encounter. ICE Enforcement and Removal Operations ("ERO") officers prepare I-213s documenting arrests, interviews, and removability assessments, and maintain these records in agency systems including ENFORCE and EARM. CBP officers, including Border Patrol agents and Office of Field Operations personnel, likewise generate I-213s during apprehensions and processing activities and store them in agency databases. Both agencies rely on these forms to initiate removal proceedings, justify detentions, and document enforcement actions. Accordingly, ICE and CBP have possession, custody, and control over the records sought in Plaintiff's March 24, 2026 FOIA requests.

22. ICE's Philadelphia Field Office oversees enforcement operations in Pennsylvania, Delaware, and West Virginia, including operations conducted jointly with HSI, federal task-force officers, and state or local 287(g) partners.

23. CBP's Baltimore and Chicago Field Offices oversee CBP enforcement activities in Pennsylvania, including Border Patrol operations within the 100-mile zone.

24. The records Plaintiff seeks are routinely created, maintained, and stored by ICE and CBP in their ordinary course of their enforcement activities.

## Plaintiff's FOIA Requests

25. On March 24, 2026, Plaintiff submitted its request to ICE via the SecureRelease Portal. *See* 6 C.F.R. § 5.3 (stating that all DHS components "have the capability to receive requests electronically, either through email or a web portal."). *See also FOIA Contact Information*, Dep't

6

Homeland Sec. (Mar. 16, 2026) (directing FOIA requesters seeking records in the possession of ICE to the DHS SecureRelease Portal).[1] A copy of the ICE request is attached as Exhibit 1.

26. Plaintiff's request to ICE seeks "all Form I-213s ('Record of Deportable/Inadmissible Alien') whose narrative section references an incident that occurred in Pennsylvania, Delaware, or West Virginia between January 1, 2025 and present." This includes "(1) any agent or employee under the supervision of ERO's Philadelphia Field Office, including all suboffices; (2) any federal agent or employee who was detailed and/or working with DHS and/or ICE; (3) any federal agent or employee from HSI; and (4) any state or local law enforcement officer whose agency has a 287g agreement with ICE." *See* Exhibit 1, ICE Request at 1. Plaintiff also requests "all copies of any ICE Form I-200 (Warrant for Arrest of Alien) or I-205 (Warrant of Removal/Deportation) that accompanies the I-213 in any applicable instances." *See id.*

27. On March 24, 2026, Plaintiff also submitted its request to CBP via the SecureRelease Portal. See 6 C.F.R. § 5.3; FOIA Contact Information, Dep't Homeland Sec. (Mar. 16, 2026). A copy of the CBP request is attached as Exhibit 2.

28. Plaintiff's request to CBP seeks "all Form I-213s ("Record of Deportable/Inadmissible Alien") whose narrative section references an incident that occurred in Pennsylvania, Delaware, or West Virginia between January 1, 2025 and present prepared by any agent or employee for CBP, including but not limited to those working under the Baltimore Field Office or Chicago Field Office." *See* Exhibit 2, CBP Request at 1. Plaintiff also seeks "all copies of any ICE Form I-200 (Warrant for Arrest of Alien) or I-205 (Warrant of Removal/Deportation) that accompanies the I-213 in any applicable instances." *See id.*

---

[1] Available at: https://www.dhs.gov/foia-contact-information.

29.     All requested records are in Defendants' custody and control. Both FOIA requests sought rolling production, original electronic formats, and redaction of personal identifiable information. Both requests also include detailed applications for fee waivers, news-media fee status, and expedited processing.

30.     Plaintiff's FOIA requests specified that the records sought include all Form I-213s whose narrative sections reference incidents occurring between January 1, 2025 and the present, as well as any accompanying Form I-200 or Form I-205. *See* Exhibit 1, ICE Request at 1-2; Exhibit 2, CBP Request at 1-2. Plaintiff requested that Defendants construe the requests as ongoing, such that any responsive records coming into Defendants' possession prior to the final response must be included.

31.     Plaintiff expressly stated that it does not seek personally identifiable information of individuals referenced in the records and requested that Defendants redact such information rather than withhold entire documents. Exhibit 1, ICE Request at 2; Exhibit 2, CBP Request at 2.

32.     Indeed, ICE and CBP has produced these same types of records in other FOIA cases. *See generally* ACLU of Pa., ACLU & Villanova Univ. Charles Widger Sch. of Law, *Cold Reality: Uncovering the Cruelty and Chaos of ICE Operations in Pennsylvania* (Oct. 2024) (describing ICE's disclosure of enforcement and arrest records, including I-213s, in response to FOIA requests). *ACLU of N.H. v. U.S. Customs and Border Patrol*, 586 F. Supp. 3d 68 (D.N.H. 2022) (noting that CBP produced 108 Form I-213s in response to a FOIA request concerning immigration patrol operations, and later supplemented the production with additional pages of the forms); *Union Leader Corp. v. U.S. Dep't of Homeland Sec.*, 749 F.3d 45, 48–49 (1st Cir. 2014) (noting that ICE identified nineteen pages of responsive records consisting of I-213 arrest forms and produced them with redactions in response to a FOIA request).

33.     Both requests also include an application for a fee waiver or limitation under 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(k) on the grounds that disclosure of the requested records is in the public interest because it is "likely to contribute significantly to public understanding of the operations or activities of the government" and is "not primarily in the commercial interest of the requester." Exhibit 1, ICE Request at 3-5; Exhibit 2, CBP Request at 3-4. The subject matter of the records sought—increased federal immigration enforcement activities—has already generated substantial media coverage in local, national, and international media. Exhibit 1, ICE Request at 7-8; Exhibit 2, CBP Request at 7-8.

34.     The requests explain that the American Civil Liberties Foundation of Pennsylvania plans to disseminate the information and make it available to the public through various mediums at no cost. Exhibit 1, ICE Request at 4-6; Exhibit 2, CBP Request at 4-6. Indeed, the ACLU and its affiliates, including the Pennsylvania affiliate, are non-profit organizations with a longstanding history of disseminating information requested through FOIA at no cost and without a "commercial interest." 6 C.F.R. § 5.11(k)(1)(ii). As such, the Plaintiff satisfies the test for a fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(k).

35.     Additionally, the requests apply for a waiver of search fees under 5 U.S.C. § 552(a)(4)(A)(ii)(II) on the grounds that Plaintiff qualifies as a "representative of the news media" and that the records are not sought for commercial use, given the Plaintiff's non-profit mission and substantial activities to publish information for dissemination to the public. Exhibit 1, ICE Request at 5-6; Exhibit 2, CBP Request at 5-6. As part of its regular activities, the ACLU and the American Civil Liberties Foundation of Pennsylvania regularly publish magazines, press releases, reports, and social media posts describing and analyzing information obtained about government activities, including through FOIA requests. Exhibit 1, ICE Request at 5-6; Exhibit 2, CBP Request at 5-6.

9

The Plaintiff qualifies as a "representative of the news media" because it "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." 5 U.S.C. § 552(a)(4)(A)(ii)(III).

36.     Finally, the request set forth in detail two bases for expedited processing: (1) under 5 U.S.C. § 552(a)(6)(E)(v)(II) and 6 C.F.R. § 5.5(e)(1)(ii); and (2) under 6 C.F.R. § 5.5(e)(1)(iv). As to this first basis for expedited processing, the American Civil Liberties Foundation of Pennsylvania explained that it is primarily engaged in disseminating information (for similar reasons as set forth in its request for a fee waiver), see *supra* paras. 34-35, and that there is an urgency to inform the public about respondents' increased immigration enforcement practices in Pennsylvania since January 2025. As to the second basis for expedited processing, the Plaintiff explained that the records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. For each of these bases, the Plaintiff included links to media coverage detailing concerns with immigration enforcement practices at the state level and national level.

### Defendants' Responses

37.     Under the FOIA statute, ICE and CBP are obligated to respond to FOIA requests within 20 working days, 5 U.S.C. § 552(a)(6)(A), making ICE's and CBP's response deadline April 21, 2026.

38.     To date, ICE has failed to even acknowledge Plaintiff's request, let alone produce records responsive to Plaintiff's request within the statutory time period, document the steps it has undertaken to conduct an adequate search, or respond to Plaintiff's request for a fee waiver.

39.     Although ICE has not issued any acknowledgment letter, the SecureRelease Portal confirms that Plaintiff's FOIA request was submitted on March 24, 2026 and assigned tracking

10

number 2026-ICFO-21639. ICE has taken no further action, has not invoked the 10-day extension under 5 U.S.C. § 552(a)(6)(B), and has not communicated with Plaintiff in any manner.

40.　CBP has acknowledged receipt of Plaintiff's FOIA request through the SecureRelease Portal and issued a written denial of Plaintiff's request for expedited processing. A copy of the CBP Response is attached as Exhibit 3. Under DHS regulations, however, a requester "is not required to first file an appeal of an adverse determination of a request for expedited processing prior to seeking court review." 6 C.F.R. § 5.8(e). Plaintiff therefore properly seeks judicial review of CBP's denial in this action.

41.　Additionally, CBP's denial of Plaintiff's request for expedited processing was untimely. CBP denied the expedited processing request on April 22, 2026, nearly three weeks after the statutory deadline to respond to a request for expedited processing lapsed on April 3, 2026.

42.　As a result, CBP has failed to produce records responsive to Plaintiff's request within the statutory time period, document the steps it has undertaken to conduct an adequate search, or respond to Plaintiff's request for a fee waiver. Additionally, CBP's denial of Plaintiff's expedited processing request was improper both due to its untimeliness and in its substance.

43.　Plaintiff has therefore constructively exhausted all administrative remedies.

*** 

**CAUSES OF ACTION**

**FIRST CLAIM FOR RELIEF**
**Freedom of Information Act, 5 U.S.C. § 552(a)(6):**
**Failure to Respond to FOIA Request Within Statutory Time Period**
**(As to Defendants ICE & CBP)**

44.　Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

11

45.     Plaintiff has a legal right under FOIA to the timely search and release of responsive, non-exempt agency records in response to its March 24, 2026 FOIA requests.

46.     On information and belief, Defendants currently have possession, custody, or control of the requested records.

47.     No legal basis exists for ICE's and CBP's failure to timely search for and release responsive agency records in compliance with FOIA's time limits.

48.     ICE had, under 5 U.S.C. § 552(a)(6), 20 working days from the date of receipt of Plaintiff's FOIA requests to make a determination on the request or to request an additional 10 days under unusual circumstances. ICE never invoked the 10-day extension, as is permitted under 5 U.S.C. § 552(a)(6)(B), which required ICE to respond to Plaintiff's request by April 21, 2026. Even assuming ICE (tardily) invokes a 10-day extension now that the partial DHS shutdown ended, per DOJ's own guidance, that 10-day extension lapsed on May 5, 2026.

49.     Similarly, CBP had, under 5 U.S.C. § 552(a)(6), 20 working days from the date of receipt of Plaintiff's FOIA requests to make a determination on the request or to request an additional 10 days under unusual circumstances. CBP (tardily) invoked the 10-day extension on April 22, 2026, which means CBP's extension has also lapsed.

50.     To date, ICE and CBP have not produced the requested records or otherwise responded to Plaintiff's FOIA requests.

51.     Because Defendants have failed to comply with FOIA's time limits, Plaintiff has constructively exhausted all applicable administrative remedies.

52.     ICE's and CBP's failure to comply with the statutory deadlines violates 5 U.S.C. § 552(a)(6).

53. Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly provide responsive records.

### SECOND CLAIM FOR RELIEF
### Freedom of Information Act, 5 U.S.C. § 552(a)(3)(C):
### Failure to Conduct Adequate Search
### (As to Defendants ICE & CBP)

54. Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

55. Defendants are obligated to make reasonable efforts to search for the records requested by Plaintiff under 5 U.S.C. § 552(a)(3)(C).

56. On information and belief, Defendants currently have possession, custody, or control of the requested records.

57. To date, Defendants have not met their burden to show that they have made a reasonable, good-faith search for the records requested: the agency has not produced any documents responsive to Plaintiff's request, provided any declarations indicating the steps they have undertaken in their search, otherwise documented the adequacy of its search, or provided any indication that a search has taken place at all.

58. Defendants' failure to conduct an adequate search violates 5 U.S.C. § 552(a)(3)(C).

59. Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to its FOIA requests.

**THIRD CLAIM FOR RELIEF**
**Freedom of Information Act, 5 U.S.C. § 552(a)(3)(A):**
**Improper Withholding of Agency Records**
**(As to Defendants ICE & CBP)**

60.     Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

61.     Plaintiff has a legal right under FOIA to the timely search and release of responsive, non-exempt agency records in response to its March 24, 2026 FOIA requests.

62.     Under 5 U.S.C. § 552(a)(3)(A), Defendants are obligated to make properly requested records promptly available to a requester.

63.     On information and belief, Defendants currently have possession, custody, or control of the requested records.

64.     To date, Defendants have not made any records available to Requester, nor produced a Vaughn index.

65.     Defendants have violated its obligations under FOIA by withholding requested records in its possession that are not exempt from disclosure under 5 U.S.C. § 552(b), at a minimum, 5 U.S.C. § 552(a)(3)(A) and the corresponding regulations.

**FOURTH CLAIM FOR RELIEF**
**Freedom of Information Act, 5 U.S.C. § 552(a)(4)(A)(iii) and 5 U.S.C. § 552(a)(4)(A)(ii)(II):**
**Improper Denial or Failure to Respond to Request for Fee Waiver**
**(As to Defendants ICE & CBP)**

66.     Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

67.     Defendants ICE and CBP have not responded to Plaintiff's fee-waiver request for its March 24, 2026 FOIA requests.

14

68.     Plaintiff has constructively exhausted its administrative remedies with its request for a fee waiver from Defendants ICE and CBP for the March 24, 2026 FOIA requests.

69.     Defendants have violated Plaintiff's right to a fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii) and 5 U.S.C. § 552(a)(4)(A)(ii)(II) and under Defendant's own regulations, 6 C.F.R. 5.11(k), for Plaintiff's March 24, 2026 FOIA requests.

**FIFTH CLAIM FOR RELIEF**
**Freedom of Information Act, 5 U.S.C. § 552(a)(6)(E)(ii)(I)**
**Failure to Make Timely Determination on Request For Expedited Processing**
**(As to Defendants ICE & CBP)**

70.     Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

71.     Under 5 U.S.C. § 552(a)(6)(E)(ii)(I) an agency is obligated to make a determination on the request for expedited processing within 10 calendar days from the FOIA submission.

72.     Plaintiff submitted its request for expedited processing on March 24, 2026.

73.     The 10-calendar-day deadline for a timely response to this request for expedited processing was April 3, 2026.

74.     To date, Defendant ICE has not made a determination on the renewed expedited processing request.

75.     Defendant CBP purported to deny Plaintiff's request for expedited processing on April 22, 2026.

76.     Defendant CBP's denial of expedited processing was untimely.

77.     Plaintiff need not exhaust its administrative remedies as to ICE's failure to make a timely determination on his request for expedited processing. 6 C.F.R. § 5.8(e).

78.     Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendant ICE to release all responsive, non-exempt records on an expedited timeframe.

15

**SIXTH CLAIM FOR RELIEF**
**Freedom of Information Act, 5 U.S.C. § 552(a)(6)(E)(v)(II), and 6 C.F.R. § 5.5(e)(1)(ii)**
**Failure to Grant Request for Expedited Processing**
**(As to Defendant CBP)**

79. Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

80. Plaintiff properly requested records within the possession, custody, and control of CBP on an expedited basis.

81. Under 5 U.S.C. § 552(a)(6)(E)(v)(II) and 6 C.F.R. § 5.5(e)(1)(ii), a requester is entitled to expedited processing when they are "primarily engaged in disseminating information" and there is an "urgency to inform the public" about a government activity.

82. Defendant CBP admits that Plaintiff is primarily engaged in disseminating information and that the Request concerned a government activity.

83. Defendant CBP denied Plaintiff's request for expedited processing on the basis that Requester did not sufficiently establish the urgency to inform the public about I-213s from the Baltimore and Chicago Field Office.

84. Defendant CBP is an agency subject to FOIA and must process the requests on an expedited basis pursuant to the requirements of FOIA and agency regulations.

85. The records Plaintiff has requested are urgently needed to inform the public about a federal government activity.

86. Therefore, Plaintiff's requests justify expedited processing under FOIA and DHS's regulations.

87. Plaintiff is entitled to declaratory and injunctive relief requiring Defendant CBP to grant expedited processing of Plaintiff's FOIA requests.

**SEVENTH CLAIM FOR RELIEF**
**Freedom of Information Act, 5 U.S.C. § 552(a), and 6 C.F.R. § 5.5(e)(1)(iv)**
**Failure to Grant Request for Expedited Processing**
**(As to Defendant CBP)**

88.     Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

89.     Plaintiff properly requested records within the possession, custody, and control of CBP on an expedited basis.

90.     Under 5 U.S.C. § 552(a)(6)(E)(v)(II) and 6 C.F.R. § 5.5(e)(1)(iv), a requester is entitled to expedited processing when the records concern "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

91.     Defendant CBP denied Plaintiff's request for expedited processing under 5 U.S.C. § 552(a)(6)(E)(v)(II) and 6 C.F.R. § 5.5(e)(1)(iv).

92.     Defendant CBP is an agency subject to FOIA and must process the requests on an expedited basis pursuant to the requirements of FOIA and agency regulations.

93.     The records requested concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

94.     Therefore, Plaintiff's requests justify expedited processing under FOIA and DHS's regulations.

95.     Plaintiff is entitled to declaratory and injunctive relief requiring Defendant CBP to grant expedited processing of Plaintiff's FOIA requests.

17

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Court:

1.      Assume jurisdiction over this matter;

2.      Declare that Defendants' failure to respond and produce the requested records is unlawful;

3.      Order Defendants to immediately conduct a full and complete search for all responsive records to Plaintiff's March 24, 2026 FOIA requests;

4.      Enjoin Defendants from withholding non-exempt, responsive records;

5.      Declare that CBP's denial of Plaintiff's request for expedited processing was untimely and order CBP to process Plaintiff's request on an expedited basis. Or, in the alternative, declare unlawful and set aside CBP's denial of Plaintiff's request for expedited processing and order CBP to process Plaintiff's request on an expedited basis;

6.      Declare that Plaintiff is entitled to an unconditional waiver of all fees associated with Plaintiff's FOIA requests;

7.      Order Defendants to immediately and unconditionally waive all fees associated with Plaintiff's FOIA requests;

8.      Award Plaintiff its costs and reasonable attorneys' fees incurred in this action, as provided by 5 U.S.C. § 552(a)(4)(E); and

9.      Grant such other and further relief as this Court may deem just and proper.

Dated: June 2, 2026                                    Respectfully submitted,


                                                       */s/Vanessa L. Stine*
                                                       Vanessa L. Stine (PA 319569)
                                                       Keith Armstrong (PA 334758)
                                                       **AMERICAN CIVIL LIBERTIES FOUNDATION OF
                                                       PENNSYLVANIA**

                                                       P.O. Box 60173
                                                       Philadelphia, PA 19102
                                                       T:  215-592-1513
                                                       E:  vstine@aclupa.org
                                                       E:  karmstrong@aclupa.org